UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 1 9 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| GENESIS NETWORKS ENTERPRISES, LLC | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. SA19CA0723 FB |
| MEGGAN EHRET | ) (formerly District Court 408th Judicial District, Bexar County, Texas – Case No. 2019CI09547) |
| Defendant. | ) ) ) ) |

## NOTICE OF REMOVAL

Defendant, Meggan Ehret, hereby removes Case No. 2019CI09547 from the District Court 408th Judicial District, Bexar County, Texas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and, as grounds for her removal, states as follows:

### STATEMENT OF THE CASE

1. On May 10, 2019, Plaintiff Genesis Networks Enterprises, LLC filed Plaintiff's Original Petition for Declaratory Judgment in the District Court 408th Judicial District, Bexar County, Texas styled Genesis Networks Enterprises, LLC v. Meggan Ehret, Case No. 2019CI09547 ("State Court Declaratory Judgment Action"). A copy of the Original Petition is attached as Exhibit A.

2. Ehret was served with the Original Petition and Citation on June 6, 2019.

3. The Original Petition for Declaratory Judgment purports to seek a declaratory judgment that no contract existed between the parties as to a monthly retainer fee. It was filed after Plaintiff (and others) received a demand letter from the natural plaintiff, Meggan Ehret, that included a draft complaint she stated she would file in the United States District Court for the

Southern District of Indiana unless the Plaintiff (and others) submitted payment to Ehret for services performed.

4. On May 14, 2019, Ehret filed a Complaint in the United States District Court for the Southern District of Indiana, Indianapolis Division against Plaintiff Genesis Networks Enterprises, LLC as well as Genesis Networks Incorporated and James Goodman asserting three causes of action against Genesis Networks Enterprises, LLC, Genesis Networks Incorporated, and James Goodman: (1) breach of contract for failing to pay Ehret for valuable services rendered; (2) unjust enrichment as each of Genesis Networks Enterprises, LLC, Genesis Networks Incorporated, and James Goodman would be unjustly enrich if they were able to take the benefit of Ehret's time and expertise without paying her adequate compensation; and, in the alternative, (3) quantum meruit ("Indiana US District Court Action"). In the Indiana US District Court action, the natural plaintiff seeks recovery of more than $75,000. The Indiana US District Court action is the more complete action with all potential parties involved and was filed by the natural plaintiff—the one entitled to monetary recovery.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff (and the majority owner of the corporate Defendant) and the Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Plaintiff Genesis Networks Enterprises, LLC is a Texas entity with its principal place of business in San Antonio, Texas and is therefore domiciled in Texas. James Goodman owns ninety percent (90%) of Genesis Networks Enterprises, LLC and Defendant James Goodman is domiciled in Texas.

7. Defendant Meggan Ehret is a resident of Hamilton Country, Indiana and therefore domiciled in Indiana.

8. The Original Petition filed in the State Court Declaratory Judgment states the amount in controversy exceeds $75,000. Thus, this District Court has jurisdiction pursuant to 28 USC § 1332 as there is complete diversity between Plaintiff and Defendant in this action and the amount in controversy exceeds $75,000.

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9. Pursuant to 28 USC § 1446(a), a true and accurate copy of all the process, pleadings, orders, and documents from the State Court Declaratory Judgment Action where have been served on Ehret are being filed with this Notice of Removal.

10. This Notice of Removal has been filed within 30 days of the date Ehret was served with the Original Petition and Citation in this matter. Removal is therefore timely in accordance with 28 USC § 1446(b).

11. Finally, while venue is proper in this District pursuant to 28 USC §§ 1441(a) and 1446(a) because the US District Court for the Western District of Texas is the federal judicial district embracing the District Court 408th Judicial District, Bexar County, Texas where the State Court Declaratory Judgment Action was original filed, the natural plaintiff (Defendant here) Meggan Ehret believes the appropriate venue to hear the dispute is the US District Court for the Southern District of Indiana, which is where the Indiana US District Court Action is pending already. When appropriate, she will file a motion to dismiss this action or, in the alternative, transfer the action to the US District Court for the Southern District of Indiana.

## CONCLUSION

By this Notice of Removal, Ehret does not waive any objections she may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. Ehret intends no admission of fact, law, or liability by this Notice and expressly reserves all defenses, motions, and/or pleas.

Dated: 17 June 2019

Respectfully submitted,

*[signature]*

Defendant, Meggan Ehret
3690 Gould Drive
Carmel, Indiana 46033

317-366-8476

Meggan.ehret@gmail.com

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL, with its exhibits, was sent via United States mail on the 17th day of June, 2019, postage prepaid thereon to:

> Richard W. Epsey
> Victor M. Campos
>
> Espey & Associates, PC
> 12400 San Pedro, Suite 200
> San Antonio, Texas 78216
> Telephone: (210) 404-0333
> Telecopier: (210) 404-0336
> *respey@lawespey.com*
> *vcampos@lawespey.com*
> *Attorneys for Plaintiff*

*[signature]*
Meggan Ehret

4

PRIVATE PROCESS

Case Number: 2019-CI-09547



2019CI09547 S00001

GENESIS NETWORKS ENTERPRISES LLC

vs.

**MEGGAN EHERT**
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: **MEGGAN EHERT**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION FOR DECLARATORY JUDGMENT, a default judgment may be taken against you." Said ORIGINAL PETITION FOR DECLARATORY JUDGMENT was filed on the 10th day of May, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF MAY A.D., 2019.



RICHARD WILLIAM ESPEY
ATTORNEY FOR PLAINTIFF
12400 SAN PEDRO AVE 200
SAN ANTONIO, TX 78216-2887

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Adrianna Cardenas*, Deputy

---

GENESIS NETWORKS ENTERPRISES LLC
VS
MEGGAN EHERT

**Officer's Return**

Case Number: 2019-CI-09547
Court: 408th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION FOR DECLARATORY JUDGMENT the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20_____.

Declarant

FILED
5/10/2019 12:27 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

CIT PPS - SAC 2

CAUSE NO. **2019CI09547**

| | | |
|---|---|---|
| GENESIS NETWORKS ENTERPRISES, LLC | § § § | IN THE DISTRICT COURT |
| V. | § § | 408th JUDICIAL DISTRICT |
| MEGGAN EHRET | § § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

NOW COMES Plaintiff Genesis Networks Enterprises, LLC. ("Plaintiff" or "Genesis"), pursuant to the Declaratory Judgment Act, Chapter 37 of the Civil Practice and Remedies Code of Texas, and files this action for declaratory judgment and in support hereof would respectfully show this Court as follows:

I.

Plaintiff pleads that discovery should be conducted in accordance with a discovery control plan under Texas Rule of Civil Procedure 190.3.

II.

Plaintiff Genesis Networks Enterprises, LLC is company authorized to conduct the business in the State of Texas with its principal place of business in San Antonio, Texas.

Defendant Meggan Ehret is a resident of Hamilton County, Indiana and can be served by Private Process at 3690 Gould Drive, Carmel, Indiana 46033.

III.

An actual controversy exists between the parties hereto within the meaning of Texas Civil Practice and Remedies Code Section 37.0001 et seq. (the "Declaratory Judgments Act"). A ruling by this Court will not be advisory in nature, but will dispose of the issues and parties involved.

Venue is proper in Bexar County pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as Bexar County was the county where all or a substantial part of the events or omissions giving rise to the claim occurred. It should be noted that the Defendant traveled to Bexar County in regards to the events giving rise to the claim.

This Court has jurisdiction over the Defendants and the amount in controversy in the underlying lawsuit exceeds the minimum jurisdictional limits of this Court. Plaintiff seeks monetary relief of $100,000.00 or less and non-monetary relief.

IV.

On or about January 8, 2019, Plaintiff sought the services of a consultant to assist in the negotiation and purchase of software. Defendant was contacted and asked to assist in the negotiation and review of documents related the purchase of software by the Plaintiff.

A fee schedule or compensation scheme was never agreed to.

Plaintiff sought hourly rates and fee schedules from the Defendant for work performed. Defendant responded by stating that she would only accept a $50,000.00 per month retainer fee.

Defendant is now seeking three months' worth of a retainer fee in the amount of $150,000.00.

Such an agreement was never reached, either verbally or in writing. Plaintiff seeks a declaration from the court that a retainer fee as described above was never agreed to and that no contract, either verbal or in writing, exists or has existed.

V.

Plaintiff seeks a declaration from this Court that no contract existed between the parties as to a monthly retainer fee. Further, Plaintiff seeks a declaration that the Defendant did not enter into

a verbal contract or written contract with the Plaintiff with regard to a retainer fee and therefore has no grounds to enforce the terms of a contract, which does not exist.

Plaintiff has retained the firm of Espey & Associates, PC to represent it in this action and has agreed to pay the firm reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

WHEREFORE, Plaintiff requests that:

1. A declaration that Plaintiff and Defendant did not enter into any monthly retainer fee contract;
2. A declaration that no contract, verbal or written, exists between the parties as to a monthly retainer fee;
3. A declaration that the Defendant has no enforceable contractual rights against the Plaintiff;
4. Pre-judgment interest and post-judgment interest;
5. Reasonable attorney's fees, interest and costs of court; and
6. For such other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

ESPEY & ASSOCIATES, PC
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78216
Telephone:    (210) 404-0333
Telecopier:   (210) 404-0336

By: _____
RICHARD W. ESPEY
State Bar No. 06667580
VICTOR M. CAMPOS
State Bar No. 24092217

**ATTORNEY FOR PLAINTIFF**

SA19CA0723 FB

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Genesis Networks Enterprises LLC

**(b)** County of Residence of First Listed Plaintiff: Bexar County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard William Espey
12400 San Pedro Ave 200
San Antonio, TX 78216-2887

### DEFENDANTS
Meggan Ehret

County of Residence of First Listed Defendant: Hamilton County, Indiana
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| [x] 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332
Brief description of cause:
Plaintiff (and others) have breached agreement with defendant by failing to pay

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 75000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE JRS-MPB   DOCKET NUMBER 1:19-cv-01945

DATE: 17 June 2019
SIGNATURE OF ATTORNEY OF RECORD: Meggan Ehret

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE MJ-RBF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court



This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION:**

1. Please identify the court from which the case is being removed; the case number; and the complete style of the case.

   District Court 408th Judicial District Bexar County, Texas
   Case No. 2019-CI-09547

   Genesis Networks Enterprises LLC vs. Meggan Ehret

2. Was jury demand made in State Court?   Yes ☐   No ☒
   If yes, by which party and on what date?

   Party Name                                                Date

**STATE COURT INFORMATION:**

1. List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

   Plaintiff: Genesis Networks Enterprises LLC
   Attorney of Record for Plaintiff:
   Richard William Espey and Victor Campos
   Espey & Associates, PC
   12400 San Pedro Avenue, Suite 200
   San Antonio, Texas 78216
   Telephone: (210) 404-0333
   Telecopier: (210) 404-0336

   Defendant: Meggan Ehret
   3690 Gould Drive
   Carmel, Indiana 46033
   Mobile: 317-366-8476
   meggan.ehret@gmail.com
   (no fax number)

TXWD - Supplement to JS 44 (Rev. 10/2004)

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

   NA

3. List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

   NA

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1. List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim. For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

   Only the Plaintiff's Original Petition for Declaratory Judgment was filed in the state court. Defendant timely removed and will timely file responsive pleading

   Plaintiff: Genesis Networks Enterprises LLC; Attorney of Record for Plaintiff: Richard William Espey and Victor Campos
   Espey & Associates, PC, 12400 San Pedro Avenue, Suite 200, San Antonio, Texas 78216
   Telephone: (210) 404-0333
   Telecopier: (210) 404-0336

   Defendant: Meggan Ehret
   3690 Gould Drive
   Carmel, Indiana 46033
   Mobile: 317-366-8476
   meggan.ehret@gmail.com
   (no fax number)

**VERIFICATION:**

Meggan Ehret, pro se    *(signed) Meggan Ehret*    18 June 2019
Attorney for Removing Party                        Date


Meggan Ehret
Party/Parties

TXWD - Supplement to JS 44 (Rev. 10/2004)

MEGGAN EHRET
(317) 366-8476
THE UPS STORE #2587
484 E CARMEL DR
CARMEL IN 46032-2812

0.1 LBS LTR 1 OF 1
SHP WT: LTR
DATE: 18 JUN 2019

SHIP CLERK OF COURT - ROOM G65
TO: US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
655 E CESAR E CHAVEZ BLVD

SAN ANTONIO TX 78206-1114

TX 782 9-07

UPS NEXT DAY AIR SAVER 1P
TRACKING #: 1Z 3E8 784 13 5490 8439

BILLING: P/P

REF #1: bj

ISH 13.00N ZZP 450 12.5U 04/2019

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

RRD RFZ 0519

RECEIVED
JUN 19 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

SCANNED BY CSO
JUN 19 2019

Apply shipping documents

Do not use this envelope for:
UPS Ground
UPS Standard
UPS 3 Day Select®
UPS Worldwide Expedited®

Visit theupsstore.com to learn
about our Print & Business

Visit theupsstore.com to find a location near you.

**Domestic Shipments**
• To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**
• The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.
• To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

Note: Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not ship cash or cash equivalent.

Serving you for more than 100 years
United Parcel Service.

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

01880250709 11/18 United Parcel

80% Post-Consumer

UPS shipping label and envelope markings:

MEGGAN EHRET
(317) 366-8476
THE UPS STORE #2687
484 E CARMEL DR
CARMEL, IN 46032-2812

SHIP TO:
US CLERK OF COURT - ROOM G65
US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
655 E CESAR E CHAVEZ BLVD
SAN ANTONIO TX 78206-1114

UPS NEXT DAY AIR
TRACKING #: 1Z 3E8 784 01 6042 3544

BILLING: P/P
REF #2: CH

0.5 LBS LTR 1 OF 1
SHP WT: LTR
DATE: 17 JUN 2019

RECEIVED
JUN 18 2019
CLERK U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

OPENED BY USO
JUN 18 2019

new case no monies